**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHRISTOPHER WARREN,

Plaintiff,

v. CASE NO.:

WASTE PRO,

Defendant.

_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHRISTOPHER WARREN, (hereinafter "Plaintiff" or "Mr. Warren"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, WASTE PRO (hereinafter "Defendant" or "Waste Pro") and alleges:

**INTRODUCTION**

1. The Plaintiff brings this action against Defendant, his former employer, seeking to recover damages for unlawful discrimination based on race in violation of 42 U.S. Code § 1981 - Equal rights under the law and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

("Title VII") and its implementing Regulations, as well as retaliation under Title VII and 42 U.S. Code § 1981.

2. As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him and altered the terms, conditions, and privileges of his employment because of his race, including but not limited to subjecting him to racial slurs and a racially hostile work environment, and ultimately constructive discharge, in violation of his rights under federal and state law. Additionally, Defendant retaliated against Plaintiff for engaging in protected activity by subjecting him to heightened scrutiny, issuing him disciplinary write-ups, removing his bonus, and creating intolerable working conditions.

3. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages including loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer the loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4. Plaintiff has incurred costs and attorney's fees in bringing this action and seeks all available remedies including compensatory and punitive damages.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5.

6. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Pinellas County, Florida, where Defendant employed Plaintiff.

**PARTIES**

8. Plaintiff is a 40-year-old Black male who resides in Hillsborough County, Florida.

9. Plaintiff is a member of a class protected against discrimination and retaliation based on his race under 42 U.S. Code § 1981 and Title VII.

10. On or about May 7, 2024, Defendant employed Plaintiff as a CDL Driver and Diesel Mechanic.

11. At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable state and federal statutes.

12. At all times material herein, Plaintiff was an employee entitled to protection as defined by 42 U.S. Code § 1981 and Title VII.

13. The Defendant, WASTE PRO, is a business entity that regularly conducted, and continues to conduct, business throughout Pinellas County, Florida, from its location at 5170 126th Avenue North, Clearwater, Florida 33760, where it employed Plaintiff.

14. At all times material herein, Defendant employed fifteen (15) or more employees and met, and continues to meet, the definitions of

"employer" under all applicable state and federal statutes including, but not limited to, 42 U.S. Code § 1981 and Title VII.

15. Accordingly, Defendant, WASTE PRO, is liable under 42 U.S. Code § 1981 and Title VII for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

16. Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

17. On or about June 22, 2026, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant, EEOC Charge No. 511-2026-03137, alleging, among other things, race discrimination and retaliation.

18. On June 23, 2026, the EEOC issued Plaintiff a Determination and Notice of Rights in reference to his Charge of Discrimination (EEOC Charge No. 511-2026-03137) against Defendant.

19. This Complaint is filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Rights.

20. Plaintiff's claims under 42 U.S. Code § 1981 are not subject to any administrative exhaustion requirement.

21. All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22. On or about May 7, 2024, Plaintiff Christopher Warren began working for Defendant, Waste Pro, as a CDL Driver and Diesel Mechanic, earning approximately $27.50 per hour and typically working approximately 50 hours per week.

23. Throughout his employment, Plaintiff reported to his supervisor, John Mitchell, who in turn reported to a manager identified as Andrew.

24. Beginning in or about June 2025, and continuing through the end of his employment, Plaintiff was subjected to a racially hostile work environment. Coworkers and supervisors repeatedly used the N-word in Plaintiff's presence and directed racially offensive jokes and remarks at Plaintiff and other Black employees.

25. Plaintiff was not the only Black employee subjected to this treatment. The Black drivers and mechanics employed by Defendant were treated unfairly as well.

26. Plaintiff reported the racial harassment to management on more than one occasion, but Defendant failed to properly investigate his complaints or take meaningful corrective action.

27. On one occasion, after Plaintiff reported racial harassment, he was told to "act like we never had this conversation."

28. Plaintiff complained about the discriminatory conduct and the hostile work environment to Andrew, his supervisor's boss, on three separate occasions.

29. Although Defendant conducted an investigation into a human resources complaint, it did not investigate Plaintiff's complaints about John Mitchell or the hostile and unstable conditions in the shop, and nothing changed as a result of Plaintiff's complaints.

30. After Plaintiff continued to raise concerns about the discrimination and the hostile work environment, he was subjected to retaliation.

31. In or about February or March 2026, John Mitchell unfairly failed Plaintiff for a truck inspection, despite the fact that Plaintiff had been improperly trained.

32. As a result of the alleged failed inspection, Defendant removed Plaintiff's bonus and attempted to make Plaintiff sign disciplinary paperwork. When Plaintiff asked management to complete its investigation and show him proof, he was told the write-up would stick whether or not he signed.

33. Defendant also denied Plaintiff his Christmas bonus, while other employees received bonuses.

34. Following Plaintiff's complaints, he was subjected to greater scrutiny of his work up until his constructive discharge.

35. Throughout this period, John Mitchell used profane language, raised his voice, and threw his weight around the shop, including cursing at Plaintiff and a coworker until another employee, Ruben, told him that he needed to treat them with respect as grown men.

36. From approximately January 2026 through April 2026, Plaintiff experienced depression and anxiety as a result of the constant harassment. Plaintiff told others at work that the constant harassment was harming his

mental state. Plaintiff loved his work but dreaded going to work because he was being tormented almost every day, and the harassment continued after the human resources investigation and up until the end of his employment.

37. When Plaintiff told Andrew, in the presence of John Mitchell, that he could not keep working for the company under these conditions, Andrew did not address Plaintiff's concerns.

38. Before leaving, Plaintiff asked management to review the security camera footage relating to the incident used against him, but Plaintiff does not believe a fair investigation was ever conducted.

39. Because the escalating retaliation, the hostile work environment, and Defendant's failure to act on Plaintiff's complaints rendered his continued employment intolerable, Plaintiff was forced to leave his employment in or about April 2026. Plaintiff's departure was not voluntary but was the result of a constructive discharge.

40. As a direct result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered significant damages, including:

a. Lost wages and employment benefits;

b. A reduction in pay after taking a lower-paying job for his peace of mind;

c. Emotional distress;

d. Depression and anxiety;

e. Disruption to his family life; and

f. Damage to his professional reputation.

## COUNT I
## VIOLATION OF 42 U.S. CODE § 1981 FOR DISCRIMINATION ON THE BASIS OF RACE

41. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. 42 U.S. Code § 1981 - Equal rights under the law - makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's race.

43. Plaintiff is a Black male and a member of a protected class and is protected by 42 U.S. Code § 1981 from discrimination based on his race.

44. At all times material herein, Defendant was and is an "employer" within the meaning of 42 U.S. Code § 1981.

45. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more

particularly described hereinabove, constitute unlawful discrimination based on Plaintiff's race.

46. As his employer, Defendant was obligated to guard against the discrimination of Plaintiff by his co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from discrimination in the workplace.

47. Defendant violated 42 U.S. Code § 1981 by, among other things:

a. Allowing coworkers and supervisors to use racial slurs, including the repeated use of the N-word, and to direct racially offensive jokes and remarks at Plaintiff;

b. Subjecting Plaintiff to disparate treatment in the terms, conditions, and privileges of his employment because of his race;

c. Denying Plaintiff bonuses afforded to other employees;

d. Creating and maintaining a racially hostile work environment; and

e. Failing to take prompt and effective remedial action when made aware of discriminatory conduct.

48. Plaintiff, by being subjected to this discrimination by

Defendant, was unreasonably and negatively affected in the terms, conditions, and privileges of his employment with Defendant.

49. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived him of statutory rights under 42 U.S. Code § 1981.

50. Plaintiff can establish that he suffered damages because of unlawful discrimination in violation of 42 U.S. Code § 1981.

51. Defendant fostered, condoned, accepted, ratified, and/or otherwise failed to prevent or remedy discriminatory conduct due to race.

52. Defendant is liable for the discrimination alleged herein. These actions all adversely affected the terms and conditions of Plaintiff's employment in violation of 42 U.S. Code § 1981.

53. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following:

a. Lost wages and benefits;

b. Lost earning capacity;

c. Emotional distress damages;

d. Pain and suffering, mental anguish, loss of dignity, and loss of the capacity for the enjoyment of life;

e. Damage to his professional reputation; and

f. Other economic losses proximately caused and allowable under 42 U.S. Code § 1981.

54. Defendant's unlawful discriminatory actions constitute reckless, malicious, willful, and wanton violations of 42 U.S. Code § 1981 for which Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, the Plaintiff, CHRISTOPHER WARREN, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, WASTE PRO, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated 42 U.S. Code § 1981 by discriminating against Plaintiff based on his race;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against him, including, but not limited to, front

pay in lieu of reinstatement, full backpay with interest, and related benefits;

C. Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, including emotional distress damages;

D. Award punitive damages to Plaintiff because of Defendant's reckless, malicious, willful, wanton, and unlawful discriminatory actions in violation of 42 U.S. Code § 1981;

E. Issue an injunction ordering Defendant to implement effective policies and procedures to prevent racial discrimination and retaliation in the workplace;

F. Award Plaintiff all other damages available under federal and state law, including, but not limited to, the damages set forth above and other economic losses proximately caused;

G. Award Plaintiff pre- and post-judgment interest;

H. Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

I. Grant such other and further relief as this Court may deem just and proper.

**COUNT II**
**VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT**
**Race Discrimination**

55. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

56. Plaintiff is a Black male and a member of a protected class under Title VII.

57. At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

58. Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a).

59. Throughout his employment, Plaintiff was subjected to discrimination because of his race, including but not limited to coworkers and supervisors repeatedly using the N-word in his presence, directing racially offensive jokes and remarks at him, and subjecting him to disparate treatment in the terms, conditions, and privileges of his employment.

60. Defendant knew or should have known of the discrimination suffered by Plaintiff, as Plaintiff made multiple complaints to management regarding the discriminatory treatment.

61. Despite knowledge of the discriminatory conduct, Defendant failed to take appropriate corrective action, instead:

a. Taking no meaningful action to investigate or remedy Plaintiff's complaints about the hostile work environment;

b. Telling Plaintiff to "act like we never had this conversation" after he reported racial harassment;

c. Allowing the hostile work environment to continue and escalate; and

d. Removing Plaintiff's bonus and subjecting him to heightened scrutiny.

62. Defendant violated Title VII by subjecting Plaintiff to discrimination because of his race by failing to promptly correct the discriminatory behavior and by creating and maintaining a hostile work environment that resulted in Plaintiff's constructive discharge.

63. The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise

reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination against Plaintiff, deprived him of statutory rights under Title VII.

64. Defendant's actions constitute discrimination in violation of Title VII.

65. As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following:

a. Lost wages and benefits;

b. Lost earning capacity;

c. Emotional distress;

d. Depression and anxiety;

e. Damage to his professional reputation; and

f. Other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, CHRISTOPHER WARREN, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, WASTE PRO, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, by discriminating against Plaintiff based on his race;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the discrimination to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C. Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D. Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E. Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F. Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G. Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT III
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
## Retaliation

66. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

67. Plaintiff engaged in protected activity under Title VII by making complaints to management regarding racial discrimination and the hostile work environment.

68. Following Plaintiff's protected activity, Defendant engaged in adverse employment actions against Plaintiff, including but not limited to:

a. Subjecting Plaintiff to greater scrutiny of his work;

b. Unfairly failing Plaintiff for a truck inspection despite improper training;

c. Removing Plaintiff's bonus and issuing him disciplinary write-ups;

d. Denying Plaintiff his Christmas bonus while other employees received bonuses; and

e. Increasing hostile treatment following his complaints.

69. A causal connection exists between Plaintiff's protected activity and the adverse employment actions, as evidenced by the temporal proximity and pattern of escalating retaliatory conduct following his complaints.

70. Defendant's actions would dissuade a reasonable worker from making or supporting a charge of discrimination.

71. As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following:

a. Lost wages and benefits;

b. Lost earning capacity;

c. Emotional distress;

d. Depression and anxiety;

e. Damage to his professional reputation; and

f. Other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, CHRISTOPHER WARREN, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, WASTE PRO, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, by retaliating against Plaintiff based on his protected activity;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the retaliation to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation he has endured;

C. Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by

Defendant's retaliatory conduct and actions pursuant to Title VII;

D. Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E. Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F. Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G. Grant such other and further relief as this Court may deem equitable, just, and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury.

Date this 5th day of September 2026.

*/s/ Jason W. Imler, Esq.*
Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407

Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com